# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | | |
|---|---|---|
| KAREN FALCONIO, | \* | |
| | \* | No. 17-1510V |
| Petitioner, | \* | Special Master Christian J. Moran |
| | \* | |
| v. | \* | Filed: March 24, 2020 |
| | \* | |
| SECRETARY OF HEALTH | \* | Attorneys' Fees and Costs |
| AND HUMAN SERVICES, | \* | |
| | \* | |
| Respondent. | \* | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*\* \*

Kenneth W. Thayer, III, Flynn & Associates, P.C., Cherry Hill, NJ, for Petitioner;
Mallori B. Openchowski, United States Dep't of Justice, Washington, DC, for
Respondent.

## UNPUBLISHED DECISION AWARDING
## ATTORNEYS' FEES AND COSTS[1]

Pending before the Court is petitioner Karen Falconio's motion for final
attorneys' fees and costs. She is awarded **$23,769.30**.

\*        \*        \*

---

[1] The undersigned intends to post this Ruling on the United States Court of Federal
Claims' website. This means the Ruling will be available to anyone with access to the internet. In
accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact
medical or other information, the disclosure of which would constitute an unwarranted invasion
of privacy.  If, upon review, the undersigned agrees that the identified material fits within this
definition, the undersigned will redact such material from public access. Because this
unpublished ruling contains a reasoned explanation for the action in this case, the undersigned is
required to post it on the United States Court of Federal Claims' website in accordance with the
E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion
of Electronic Government Services).

On October 13, 2017, petitioner filed for compensation under the Nation Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10 through 34. Petitioner alleged that the influenza vaccination that she received on October 23, 2014, caused R.C. to suffer "pain, loss of range of motion in the right and left arm/shoulder, swelling of the joints, migratory polyarthritis, serum sickness, and rheumatoid arthritis." Petition at 1. On July 3, 2019, the parties filed a stipulation of dismissal, and on July 9, 2019, the undersigned issued his order concluding proceedings pursuant to Vaccine Rule 21(a)(1)(B).

On September 20, 2019, petitioners filed a motion for final attorneys' fees and costs ("Fees App."). Petitioner requests attorneys' fees of $20,251.00 and attorneys' costs of $4,261.30 for a total request of $24,512.30. Fees App. Ex. 1 at 5. Pursuant to General Order No. 9, petitioner warrants that she has not personally incurred any costs related to the prosecution of her case. On September 25, 2019, respondent filed a response to petitioner's motion. Respondent argues that "[n]either the Vaccine Act nor Vaccine Rule 13 contemplates any role for respondent in the resolution of a request by a petitioner for an award of attorneys' fees and costs." Response at 1. Respondent adds, however that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." Id at 2.  Additionally, he recommends "that the Court exercise its discretion" when determining a reasonable award for attorneys' fees and costs. Id. at 3. Petitioner did not file a reply thereafter.

*     *     *

Although compensation was denied, petitioners who bring their petitions in good faith and who have a reasonable basis for their petitions may be awarded attorneys' fees and costs. 42 U.S.C. § 300aa-15(e)(1). In this case, the undersigned has no reason to doubt the good faith of the claim, and although the claim was ultimately unsuccessful, the undersigned finds that petitioner's claim has a reasonable basis. Respondent also has not challenged the reasonable basis of the claim. A final award of attorneys' fees and costs is therefore proper in this case.

The Vaccine Act permits an award of reasonable attorney's fees and costs. §15(e). The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act.  This is a two-step process.  Avera v. Sec'y of Health & Human Servs., 515 F.3d 1343, 1348 (Fed. Cir. 2008).  First, a court determines an "initial estimate … by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'"  Id. at 1347-48 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)). Second, the court may make an upward or downward departure from the initial

2

calculation of the fee award based on specific findings.  Id. at 1348.  Here, because the lodestar process yields a reasonable result, no additional adjustments are required.  Instead, the analysis focuses on the elements of the lodestar formula, a reasonable hourly rate and a reasonable number of hours.

In light of the Secretary's lack of objection, the undersigned has reviewed the fee application for its reasonableness.  See McIntosh v. Sec'y of Health & Human Servs., 139 Fed. Cl. 238 (2018)

A.    Reasonable Hourly Rates

Under the Vaccine Act, special masters, in general, should use the forum (District of Columbia) rate in the lodestar calculation.  Avera, 515 F.3d at 1349.  There is, however, an exception (the so-called Davis County exception) to this general rule when the bulk of the work is done outside the District of Columbia and the attorneys' rates are substantially lower.  Id. 1349 (citing Davis Cty.  Solid Waste Mgmt. and Energy Recovery Special Serv. Dist. v. U.S. Envtl.  Prot. Agency, 169 F.3d 755, 758 (D.C. Cir. 1999)).  In this case, all the attorneys' work was done outside of the District of Columbia.

 Petitioner requests that her attorney, Mr. Kenneth Thayer, III, be compensated at $385.00 per hour for all work performed in this case, from 2016 to 2019. Fees App. Ex. 1 at 1. This appears to be Mr. Thayer's second Vaccine Program case to reach the fees stage (and only his fifth overall). In the first case to consider an attorneys' fees request for Mr. Thayer's work, the special master awarded him $375.00 per hour for all work performed in 2016 and 2017. See Barrantes-Vargas v. Sec'y of Health & Human Servs., No. 16-1515V, 2017 WL 244698 (Fed. Cl. Spec. Mstr. May 22, 2017). The undersigned will therefore compensate Mr. Thayer's work in 2016 and 2017 at $375.00 per hour, consistent with this prior determination. For work performed in 2018 and 2019, the undersigned will compensate Mr. Thayer at the requested rate of $385.00 per hour. Application of these rates results in a reduction of **$243.00**.[2]

B.    Reasonable Number of Hours

The second factor in the lodestar formula is a reasonable number of hours. Reasonable hours are not excessive, redundant, or otherwise unnecessary.  See Saxton v. Sec'y of Health & Human Servs., 3 F.3d 1517, 1521 (Fed.  Cir. 1993).

---

[2] ($385.00 per hour requested - $375.00 per hour awarded) * 24.3 hours billed in 2016 and 2017 = **$243.00**.

3

The Secretary also did not directly challenge any of the requested hours as unreasonable.

Upon review of the submitted billing records, the undersigned finds most of the billed hours to be reasonable.  Exceptions include time spent filing medical records, which is a clerical task for which no billing is appropriate, and time spent ordering medical records, which is a task that should be charged at paralegal rates. In addition, Mr. Thayer spent an excessive amount of time on a handful of items, such as the time he spent reviewing the Secretary's report.  To account for these items, $500.00 is deducted.  Accordingly, petitioner is entitled to final attorneys' fees of **$19,508.00**.

### C.   Costs Incurred

Like attorneys' fees, a request for reimbursement of costs must be reasonable. Perreira v. Sec'y of Health & Human Servs., 27 Fed. Cl. 29, 34 (Fed. Cl. 1992), aff'd, 33 F.3d 1375 (Fed. Cir. 1994).  Petitioner requests a total of $4,261.30 in attorneys' costs, comprised of acquiring medical records, the Court's filing fee, work performed by petitioner's expert, Dr. M. Eric Gershwin. Fees App. Ex. 1 at 4-5. Petitioner has provided adequate documentation for these costs and the undersigned finds them to be reasonable. Petitioner is therefore entitled to the full amount of costs sought.

### E.   Conclusion

The Vaccine Act permits an award of reasonable attorney's fees and costs. 42 U.S.C. § 300aa-15(e). Accordingly, I award a total of **$23,769.30** (representing $19,508.00 in attorneys' fees and $4,261.30 in attorneys' costs) as a lump sum in the form of a check jointly payable to petitioner and petitioner's counsel, Mr. Kenneth Thayer, III.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[3]

**IT IS SO ORDERED**.

---

[3] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.

<u>s/Christian J. Moran</u>
Christian J. Moran
Special Master